IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LEE, | ) |
| Petitioner, | ) Civil Action No. 25-452J |
| v. | ) Magistrate Judge Maureen P. Kelly |
| LEONARD ODDO, *et. al.*, | ) Re: ECF No. 5 |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Petitioner Thomas Lee ("Petitioner") is an immigration detainee who is being held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. Petitioner submitted a "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (the "Petition") on December 1, 2025, and which was formally filed on December 15, 2025. ECF No. 5. Petitioner submitted a supporting brief along with the Petition. ECF No. 6.

In the Petition, Petitioner challenges his lengthy immigration detention pursuant to 8 U.S.C. § 1231(a), and seeks release. ECF No. 5 at 6. See also ECF No. 6 at 1. Petitioner also alleges that, at the time of his detention, he was at liberty pursuant to an Order of Supervised Release ("OSUP"), and that his detention by immigration authorities violated the Department of Homeland Security's ("DHS") regulations regarding the same. ECF No. 5 at 6. See also ECF No. 6 at 2. For the reasons that follow, the Petition will be GRANTED.[1]

---

[1] The Parties have consented to the jurisdiction of a United States Magistrate Judge. ECF Nos. 14 and 16.

I.     RELEVANT BACKGROUND AND FACTS

In the Petition, Petitioner alleges that he was born in Hong Kong in 1953.[2] ECF No. 6 at 1. Petitioner alleges that he came to the United States as a refugee in 1963, and became a lawful permanent resident ("LPR") the same year. Id. Respondents assert that Petitioner did not become an LPR until 1966. ECF No. 12 at 2.

Petitioner was convicted of grand larceny and burglary, apparently stemming from separate incidents, in 2009. Id. Petitioner was charged as being removable based on these convictions, see ECF No. 12-4 at 3 (citing INA §§ 237(a)(2)(A)(ii) and (iii), 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii))[3] and was ordered removed by an Immigration Judge on July 25, 2018. ECF No. 12-1 at 6. Petitioner's order of removal became final on January 3, 2019. ECF No. 12-2 at 1.

Petitioner initially was released from immigration detention on November 20, 2019.[4] ECF No. 12-3 at 1-4. Petitioner remained at liberty subject to the OSUP until June 9, 2025, when he was detained again by immigration officials as he appeared for a routine check-in. ECF No. 12 at

---

[2] The Parties do not agree on Petitioner's citizenship. Respondents allege that Petitioner is a citizen and national of the People's Republic of China. ECF No. 12 at 1. This is consistent with a presumption made by an Immigration Judge in Petitioner's removal proceedings. ECF No. 12-1 at 1. Petitioner disputes this. Instead, he alleges that he was born in Hong Kong when it was a territory of Great Britain. ECF No. 6 at 1. He emigrated to the United States in 1963 – prior to the return of Hong Kong to Chinese rule in 1997. Id. Thus, Petitioner argues, he is not a Chinese citizen. Id.

Be that as it may, it is clear from the record that Petitioner is subject to a final order or removal to the People's Republic of China. ECF No. 12-1 at 6; ECF No. 12-2 at 1-2. This Court lacks jurisdiction to review the substance of the order of removal. 8 U.S.C. § 1252(g).

[3] Rather than citing to the United States Code, and for reasons that are unclear, immigration officials tend to cite directly to sections of the Immigration and Nationality Act ("INA"). These citations often do not match up to the United States Code in any discernable fashion. In order to avoid unnecessary confusion, this Court will provide parallel citations to the United States Code and the INA where necessary.

[4] Petitioner alleges that he was not released from detention until March of 2020. ECF No. 6 at 1.

1. Petitioner remains detained as of the date of this writing – more than eight consecutive months since his June 9, 2025, arrest.

Petitioner alleges that his current detention is not based on a violation of the terms of his order of supervision, and that his removal to China is not reasonably likely in the foreseeable future. ECF No. 6 at 1 and 2. For all of their arguments in their opposition, Respondents have not disputed either of these assertions. See, generally, ECF No. 12. To date, no party can explain the reason why Petitioner was detained – if any exists at all.

The Petition initially was received on December 1, 2025. ECF No. 1. Respondents answered January 22, 2026. ECF No. 12. Petitioner's Traverse was filed on February 20, 2026. ECF No. 17.

The Petition is ripe for consideration.

## II. DISCUSSION

28 U.S.C. § 2241 allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" Id. at § 2241(c)(3). This Court has jurisdiction to hear the merits of the instant case under that statute. Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). See also Roe v. Oddo, No. 25-cv-128J, 2025 WL 1892445, at *4 (W.D. Pa. July 9, 2025) (holding that 8 U.S.C. § 1252(g) did not strip the court of jurisdiction since it was "examining the contest of Petitioner's detention" and not "reviewing Petitioner's removal order.").

8 U.S.C. § 1231(a) states, in pertinent part:

> [(1)(A)] Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

3

\*\*\*

> [(2)(A)] During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

\*\*\*

> [(6)] An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

Once the 90-day removal period of Section 1231(a) has passed, and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute[,]" and the alien must be released. Zadvydas, 533 U.S. at 699. "Indefinite, perhaps permanent, detention" is not authorized. Id. To the contrary, the Supermen Court has found that interpreting the statute to allow for indefinite detention would raise "a serious constitutional threat[.]" Id.

Thus, in Zadvydas, the Supreme Court interpreted § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court found that a post-removal order detention period of six months was "presumptively reasonable[;]" however, beyond those six months, if removal no longer is reasonably foreseeable, continued detention becomes unauthorized. Id. at 701.

"After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. Thus, an alien is not necessarily entitled to release at the conclusion of six months of post-removal order detention. Instead, DHS may continue detention until no significant likelihood of removal in the reasonably foreseeable

future exists. Id. But "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

Here, Petitioner has been held for more than eight months of post-removal order detention, on top of whatever prior post-removal order detention he endured.

In cases where an order of supervision is revoked due to imminent removal, some courts have held that the government bears the burden to show that removal is likely in the reasonably foreseeable future, because such a showing is required under its own regulations. Escalante v. Noem, No. 25-cv-182, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025) (citing 8 C.F.R. §§ 241.13(i)(2) and 241.4(b)(4)).[5] And under this standard, Respondents unquestionably lose. Nothing on the record suggests that there is any reason to believe that Petitioner ever could be removed to China – much less that such removal is likely in the reasonably foreseeable future.[6]

However, here it ultimately is unnecessary to determine whether the burden shifts to Respondents because, under the facts of this case, Petitioner meets his burden under Zadvydas. Petitioner's order of removal became final in 2019. After some unspecified period of detention, and several years under supervision, DHS officials failed to secure Petitioner's removal. The

---

[5] Respondents argue that Petitioner has not established that his OSUP is governed by 8 C.F.R. § 241.13. ECF No. 12 at 7-8. This is a truly remarkable assertion, given the scope of the regulation as stated in subsection (a) thereof, and the language in Petitioner's 2019 Order of Supervision. See ECF No. 12-3 at 1 ("Because the agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions[.]"). A finding that Section 241.13 does not apply would require this Court to conclude that Petitioner somehow violated his conditions of release – a fact which even Respondents themselves do not assert, and which Petitioner vehemently denies. And in any event, Respondents do not argue that Petitioner's detention is governed by some alternative regulation.

[6] Respondents have provided no cognizable reason to believe that Petitioner's current detention is even arguably legally justifiable. To the contrary, this Court is constrained by the record to conclude that Petitioner's current immigration detention is due solely to the caprice of DHS.

5

evidence of record supports the conclusion that DHS officials lacked the ability to remove Petitioner at the time that they re-detained him on June 9, 2025. There is no evidence on the record that DHS has the ability to do so even now, or that removal is any more likely now that it was 2019.

Respondents, for their part, present nothing in their Answer to rebut Petitioner. See generally, ECF No. 12. As such, Respondents' have not adduced sufficient evidence to "rebut [Petitioner's] showing." Zadvydas, 533 U.S. at 701. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." Escalante, 2025 WL 2206113, at *4 (quoting Kane v. Mukasey, No. 08-cv-037, 2008 WL 11393137, at *5 (S.D. Tex. Aug. 21, 2008), superseded by 2008 WL 11393094 (S.D. Tex. Sept. 12, 2008) (a new report and recommendation was entered denying the petition as moot because petitioner was deported prior to the order adopting the report), adopted by 2008 WL 11393148 (S.D. Tex. Oct. 7, 2008)).

Therefore, this Court finds that, under Zadvydas, Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and Respondents have not "respond[ed] with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Petitioner's continued detention is not authorized by Section 1231.

The writ will be granted directing Petitioner's release from custody, subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3).

An appropriate order will follow.

## III. CONCLUSION

For the reasons set forth herein, the Petition, ECF No. 5, will be GRANTED.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.


Dated: February 25, 2026        BY THE COURT,

                                /s/ Maureen P. Kelly
                                MAUREEN P. KELLY
                                UNITED STATES MAGISTRATE JUDGE


cc:     THOMAS LEE
        A-013-199-580
        MOSHANNON VALLEY PROCESSING CENTER
        555 GEO DRIVE
        PHILIPSBURG, PA 16866

        Counsel of record (via CM/ECF)